# In the United States Court of Federal Claims

No. 14-388L
(Filed: January 31, 2017)

```
*************************************
WILLIAM C. HARDY & BERTIE ANN      *
HARDY et al.,                      *
                                   *
            Plaintiffs,            *
                                   *   Discovery; Motion to Compel; RCFC 26;
v.                                 *   RCFC 37; Fed. R. Evid. 401
                                   *
THE UNITED STATES,                 *
                                   *
            Defendant.             *
*************************************
```

**<u>ORDER</u>**

      On May 23, 2016, the court issued a scheduling order for further proceedings. That order set deadlines for, among others, fact discovery to be completed by no later than Friday, February 24, 2017, and for expert discovery to be completed by no later than Thursday, June 1, 2017. On December 22, 2016, the court issued an order (1) amending the deadline for the exchange of preliminary exhibit and witness lists, setting such deadline for no later than Monday, May 8, 2017; and (2) adopting the parties' agreement that the number of plaintiff landowner witnesses designated to testify at trial will be ten or less.

      After amending its discovery requests and conferring with counsel for plaintiffs, defendant now moves the court—pursuant to Rule 37(a)(3)(B) of the Rules of the Court of Federal Claims ("RCFC")—to compel plaintiffs to produce certain documents and respond to certain interrogatories in attempting to obtain discovery from plaintiff landowners regarding information in their possession concerning the market value and characteristics of their property. Plaintiffs object to the specific discovery requests at issue as vague, acknowledge that "all" plaintiff landowners "will have and do have discoverable information concerning their properties," Pls.' Resp. 2-3, and argue that the information requested has already been produced during the Claims Book process or will be produced during expert discovery. The motion has been fully briefed, and the court considers oral argument unnecessary.

      Title V of the RCFC governs discovery in this court. Specifically, RCFC 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [various factors]." Information is relevant if "it has any tendency to make a fact more or less probable than it would be without the [information]" and such fact "is of consequence in determining the action." Fed. R. Evid. 401; <u>accord</u> <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (explaining that relevant information includes "any matter that bears on, or that

reasonably could lead to other matter that could bear on, any issue that is or may be in the case"). Moreover, "[q]uestions of the scope and conduct of discovery are . . . committed to the discretion of the trial court." Florsheim Shoe Co. v. United States, 744 F.2d 787, 797 (Fed. Cir. 1984). The Court of Federal Claims "generally has afforded a liberal treatment to the rules of discovery . . . ." Securiforce Int'l Am., LLC v. United States, 127 Fed. Cl. 386, 400 (2016); accord Herrmann v. United States, 127 Fed. Cl. 22, 40 (2016) ("A court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case." (internal quotation marks omitted)). Written interrogatories "may relate to any matter that may be inquired into under RCFC 26(b)." RCFC 33(a)(2). Responding parties "must provide true, explicit, responsive, complete, and candid answers . . . directly and without evasion in accordance with information that [such] party possesses after due inquiry." Lakeland Partners, L.L.C. v. United States, 88 Fed. Cl. 124, 132 (2009) (internal quotation marks omitted). Similarly, a party may request production of documents "in the responding party's possession, custody, or control" that are "within the scope of RCFC 26(b)." RCFC 34(a). Requests must be reasonably particular, and responding parties "[have] the duty to respond to such requests to the extent the requests are not objectionable." Dairyland Power Co-op v. United States, 79 Fed. Cl. 722, 728 (2007).

However, the Court of Federal Claims has also "recognized that discovery has ultimate and necessary boundaries." Securiforce Int'l Am., 127 Fed. Cl. at 400 (internal quotation marks omitted). The court "must limit the frequency or extent of discovery" allowable under the RCFC if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." RCFC 26(b)(2)(C). A party may object to discovery requests—including interrogatories, RCFC 33(b)(4), and document production requests, RCFC 34(b)(2)(C)—if that party believes such requests are improper.

The issue currently before the court is whether defendant's requests are within the scope permitted by RCFC. Specifically, the parties dispute (1) whether the terms "meaningful characteristics" and "market data" are vague and (2) whether defendant is entitled to discovery of information that was made available through the Claims Book process or is likely to be reflected in expert reports when appraisals are completed.

The court finds that the terms "meaningful characteristics" and "market data" as defined by defendant in its discovery requests are sufficiently clear to allow plaintiffs to formulate a response. Plaintiffs' use of those terms in describing what will be produced by the appraiser during expert discovery, see Pls.' Resp. 2-3, demonstrate that those terms give plaintiffs ample notice of the information that defendant seeks to obtain. The court further finds that such information is within the scope of discovery permitted by RCFC 26(b)(1) because the information sought directly pertains to valuation of plaintiffs' property interests. Defendant thus has a right to information in the "possession, custody, or control," Def.'s Reply 2, of plaintiffs that are responsive to defendant's discovery requests, to the extent that such requests are not limited by RCFC 26(b)(2)(C).

Plaintiffs are correct in their observation that appraisals are another source of discovery beyond interrogatories and document production requests, and that duplication should be avoided. However, plaintiffs' reliance on that proposition in arguing that they need not respond to defendant's discovery requests is unpersuasive because fact discovery is distinct from expert discovery. In the discovery requests currently at issue, defendant seeks facts, not expert opinions. See, e.g., Ark. Game & Fish Comm'n v. United States, 74 Fed. Cl. 426, 430 (2006) (discussing the "interaction of fact and expert discovery" and drawing a distinction between facts and expert opinions based on those facts). In addition, "parties are entitled to develop their respective cases as they deem appropriate . . . , including to avail themselves of all forms of discovery that are permitted under the rules of the court." Estate of Rubinstein v. United States, 94 Fed. Cl. 51, 53 (2010). Moreover, parties that file lawsuits can expect to be served with discovery requests. Cf. Consol. Edison Co. of N.Y. v. United States, 90 Fed. Cl. 228, 257 (2009) (discussing each party's affirmative duty to preserve materials "reasonably likely to be requested during discovery" (internal quotation marks omitted)). Defendant's requests are within the scope permitted by the RCFC, are not unreasonable, and impose minimal burden upon the plaintiff landowners. Therefore, defendant is entitled to full compliance with its requests for production of documents and interrogatories currently at issue.

To the extent that such information has been actually produced—e.g., during the Claims Book process or via initial disclosures—and is already in defendant's possession, it is duplicative and need not be produced again. However, responses to interrogatories are necessary. It is irrelevant that ten or fewer landowners will be designated to testify as fact witness at the valuation trial and that responses can be elicited during their depositions, because timely responses to interrogatories will undoubtedly narrow the focus of those depositions.

In sum, plaintiffs must fully comply with defendant's discovery requests **on or before February 24, 2017**, pursuant to the scheduling order, to the extent that they have not already done so. Therefore, the court **GRANTS IN PART** and **DENIES IN PART** defendant's December 29, 2016 motion to compel. All deadlines set forth in the existing scheduling order remain in place.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge